

U.S. Department of Justice
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*           *(503) 727-1000*
*Portland, OR   97204-2902*                *Fax: (503) 727-1117*

October 28, 2014

Mr. Patrick Ehlers
Federal Public Defender's Office
101 SW Main St., Suite 1700
Portland, OR 97204

     Re:   *United States vs. Jared G. McKay*
           Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**:  Defendant agrees to plead guilty to a one-count information which charges the crime of Simple Assault, in violation of Title 18, United States Code, Section 113(a)(5)

3. **Elements:** In order for the Defendant to be found guilty, the government must prove the following elements beyond a reasonable doubt:

    The defendant:

    (1) Knowingly assaulted Zamora Gomez; and

    (2) The assault took place while on board United Airlines flight 1108 during its flight from Chicago, Illinois, to Portland, Oregon.

4. **Admissions:** As part of the plea agreement, Defendant admits the elements of the offense and agrees the government could prove the following:

    On or about March 10, 2014, defendant was on board United Airlines flight 1108 from Chicago, Illinois, to Portland, Oregon.   Defendant knowingly and intentionally grabbed the arm of flight attendant Zamora Gomez without her consent on two occasions, causing Gomez concern and alarm.

    The defendant acted knowingly and willfully and the defendant's actions were within the District of Oregon.

Revised 08/12/09

Re: Jared G. McKay plea offer
Page 2

5. **Penalties**: The maximum sentence is 6 months' jail, a fine of $5,000, and a $10 fee assessment. Defendant agrees to pay the $10 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

6. **Dismissal/No Prosecution**: The USAO agrees to not bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable sentencing range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).

8. **Relevant Conduct**: The parties agree that the federal sentencing guidelines do not apply to this class B misdemeanor offense.

9. **Government Recommendation**: The USAO is free to recommend any sentence up to the maximum penalty allowed by law.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

11. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is

Revised 08/12/09

Re: Jared R. McKay plea offer
Page 3

relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

14. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

15. **Deadline**: This plea offer expires if not accepted by October 30, 2014 at 4:30 p.m.

                                        Sincerely,

                                        S. AMANDA MARSHALL
                                        United States Attorney

                                        Helen L. Cooper
                                        Special Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/30/14
Date                                       Jared R. McKay, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/30/14
Date                                       Patrick Ehlers, Attorney for Defendant

Revised 08/12/09